UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS ALFONSO CEJA NUNEZ,

Plaintiff,

v.

MARTIN GAMBOA,

Defendant.

Case No.  25-cv-08622-EKL

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 1, 10

Petitioner has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction from Monterey County Superior Court.  ECF Nos. 1, 10.  The Court has reviewed the petitions and concludes that they warrant a response.[1]  Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is ordered to show cause why the writ should not be granted.

The Clerk shall serve electronically a copy of this Order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses:  SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov.  The petitions and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.

Within 60 days of service of this Order, Respondent shall file with the Court and serve on

---

[1] Petitioner filed a petition on October 8, 2025.  ECF No. 1.  On December 23, 2025, the Court granted Petitioner's motion to stay the case until February 12, 2026, pending a mental health report Petitioner sought to obtain.  ECF No. 9.  It also ordered the parties to, by February 26, 2026, "file a joint case management statement, addressing next steps for proceeding with this case including the Petitioner's need, if any, to exhaust his claims in state court proceedings."  *Id.*  On January 21, 2026, Petitioner filed an amended petition.  ECF No. 10.  This Order obviates the need for a joint statement.  Should both parties seek to raise an issue with the Court, they may file a joint case management statement as previously ordered.

Petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within 30 days of the date the answer is filed.

In the alternative, Respondent may file, within 60 days of the service of this Order, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within 15 days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated:  February 17, 2026

_____
Eumi K. Lee
United States District Judge

2